## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| HARVEY WILLIAM HUGUNIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-00053 |
| | ) | |
| DAVID C. NYE, | ) | Judge Reeves/ Steger |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

### I.    Introduction

Harvey William Hugunin, *pro se*, has filed an application to proceed *in forma pauperis* [Doc. 1]. Under 28 U.S.C. § 1915(e)(2), the Court must screen all actions filed by plaintiffs seeking *in forma pauperis* status and dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) and *La Fountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *Smith v. Lindamood*, Case No. 1:16-cv-86, 2017 WL 444830, at \*2 (M.D. Tenn. Feb. 2, 2017); *Johns v. Maxey*, Case No. 2:07-cv-238, 2008 WL 4442467, at \*1 (E.D. Tenn. Sept. 25, 2008). For the reasons stated herein, the Court **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** and the application to proceed *in forma pauperis* be **DENIED AS MOOT**.

### II.    Factual Background

Between January 10, 2020, and January 15, 2020, Harvey William Hugunin filed seven cases in this Court. *See In re Hugunin*, No. 3:20-mc-00011, Doc. 1. Magistrate Judge Susan K.

Lee filed a Report and Recommendation recommending all seven cases be dismissed pursuant to 28 U.S.C. § 1915(e). *See id.* Magistrate Judge Lee further recommended Mr. Hugunin be referred to Chief Judge Pamela L. Reeves for consideration of whether an injunction on Hugunin's filing abilities was appropriate pursuant to the Court's Standing Order 18-04. *Hugunin v. Winmill*, No. 1:20-cv-00006, Doc. 10. The Court accepted and adopted Magistrate Judge Lee's recommendation in full. *Id.* at Doc. 16. Mr. Hugunin's filing abilities have since been restricted. *See In re Hugunin*, No. 3:20-mc-00011, Doc. 1.

Between his initial spate of lawsuits and the restriction of his filing abilities, Hugunin filed two more cases. In the instant case, Hugunin claims Chief Judge David C. Nye of the United States District Court for the District of Idaho unlawfully dismissed three of his federal lawsuits. [Doc. 2 at 3]. The three cases Hugunin references were in fact filed in this Court, though it appears Hugunin filed similar cases in the District of Idaho which were dismissed by Judge Nye. Plaintiff accuses Judge Nye of perjury and libel, and argues he is being denied access to property that is rightfully his due to the unlawful dismissal of his previous lawsuits. [*Id.*]. Attached to the Complaint is a letter to United States Senator Lamar Alexander, copies of mailing receipts, Plaintiff's military discharge form, and his birth certificate. [*Id.* at 6-10]. Plaintiff does not make any further factual allegations or explain the basis of his claims.

### III.    Standard of Review

Generally, the standard to state a claim under 28 U.S.C. § 1915(e)(2) is the same as that required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether the plaintiff has stated a claim upon which relief may be granted, the Court accepts all well-pleaded factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly,*

550 U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 569-70). Additionally, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

However, section 1915(e) also requires the Court to dismiss an action that "is frivolous or malicious." 28 U.S.C.A. § 1915(e)(2). "A complaint is frivolous only if the plaintiff fails to present a claim with 'an arguable basis either in law or in fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (*quoting Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded on other grounds by* 28 U.S.C. § 1915). A complaint is legally frivolous if it presents "indisputably meritless" legal theories and factually frivolous if it relies on "fantastic or delusional" allegations. *Id.* "The standard is not whether the district court believes the [plaintiff]—rather, it is whether the facts are rational." *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990).

## IV.    Analysis

The Complaint should be dismissed because it is legally frivolous and seeks monetary relief from a defendant immune from such relief. Judge Nye is entitled to "absolute judicial immunity from suits for money damages for all actions taken in [his] judicial capacity…." *Busch v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994); *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012) ("It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions.") (citation omitted). Judicial immunity exists "even where a judge acts corruptly or with malice." *Leech*, 689 F.3d at 542. Unsurprisingly then, lawsuits that seek to recover damages from judges for unfavorable rulings and comments are routinely dismissed. *See Sun v. Forrester*, 939 F.2d 924 (11th Cir. 1991) (suit against sentencing court for allegedly derogatory remarks

properly dismissed as patently frivolous); *Moore v. Burger*, 655 F.2d 1265 (D.C.C. 1981) (suit against four justices for misinterpreting the Constitution properly dismissed as frivolous).

There are only two exceptions to judicial immunity, neither of which apply here. *See id.* First, immunity does not apply if the challenged action was not taken in the judge's judicial capacity. *Id.* at 542. Second, a judge is not entitled to immunity when acting in the complete absence of jurisdiction. *Id.* Here, Plaintiff challenges the dismissal of his federal lawsuits by the Chief Judge of the United States District Court in which he filed those actions. There is no question that Judge Nye acted within his judicial capacity and jurisdictional authority when dismissing Plaintiff's lawsuits. He is entitled to absolute judicial immunity and further consideration of Plaintiff's claims is unnecessary.

### V. Conclusion

For the reasons stated herein, it is **RECOMMENDED** that this action be **DISMISSED** without prejudice and the application for *in forma pauperis* status be **DENIED AS MOOT**.[1]

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

1 Any objections to this Report and Recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to Rule 72(b)'s requirements. Failure to file objections within the time specified constitutes a waiver of the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370 (6th Cir. 1987).